1  FARHAD NOVIAN (State Bar No. 118129)
   farhad@novianlaw.com
2  SHARON RAMINFARD (State Bar No. 278548)
   sharon@novianlaw.com
3  MICHAEL O'BRIEN (State Bar No. 277244)
   michaelo@novianlaw.com
4  NOVIAN & NOVIAN LLP
   1801 Century Park East, Suite 1201
5  Los Angeles, California 90067
   Telephone:  (310) 553-1222
6  Facsimile (310) 553-0222

7
   Attorney for Plaintiff,
8  L.A. T-SHIRT & PRINT, INC.

9

10              UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

| L.A. T-SHIRT & PRINT, INC., a California corporation dba RIOT SOCIETY,<br><br>Plaintiff,<br><br>v.<br><br>Mark-Edwards Apparel Inc./Vetements Mark-Edwards Inc., a Canadian corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **Trademark Infringement**<br>2. **False Designation of Origin**<br>3. **Trademark Dilution**<br>4. **California Trademark infringement**<br>5. **Unfair Competition**<br><br>**<u>JURY TRIAL DEMANDED</u>** |
|---|---|

   Plaintiff, L.A. T-SHIRT & PRINT, INC. dba RIOT SOCIETY ("Plaintiff"), by and through its undersigned counsel, complaining of the defendants MARK-EDWARDS APPAREL INC./VETEMENTS MARK-EDWARDS INC. a Canadian corporation; and DOES 1 through 10, inclusive (collectively, "Defendants"), respectfully alleges as follows:

   ///

# NATURE OF THE ACTION

1. Plaintiff creates and obtains rights to unique two-dimensional non-functional artworks which are transacted primarily in and through the apparel industry. Plaintiff owns these designs in exclusivity and exploits these designs for profit by manufacturing and selling products bearing the designs or entering into licensing agreements for sale or display by third parties. Defendants claim to have used at least four of these designs in interstate commerce in the United States.

# JURISDICTION AND VENUE

2. The Court has original subject matter jurisdiction over Plaintiff's federal claims arising under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. under 28 U.S.C. § 1331, 1338 (a) and (b).

3. This Court has personal jurisdiction over the Defendants because the events or omissions giving rise to the claim occurred, the tortuous acts occurred, and a substantial part of the injury took place and continues to take place, in this judicial district and/or each of the defendants can be found in this judicial district.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C §§ 1391(b), 1391(c), and 1400(a) on information and belief that: (a) this is a judicial district in which a substantial part of the events giving rise to the claims occurred the tortuous acts occurred, and a substantial part of the injury took place and continues to take place; and (b) Defendants are a foreign corporation that may be sued in any judicial district.

5. Upon information and belief, Defendants design and manufacturer clothing and accessories. Further Defendants design, sell and distribute these goods in interstate and U.S. commerce.

# THE PARTIES

6. Plaintiff L.A. T-SHIRT & PRINT, INC. ("Plaintiff") is a California corporation doing business as RIOT SOCIETY with its principal place of business in the County of Los Angeles, State of California.

7. Upon information and belief, defendant MARK-EDWARDS APPAREL INC./VETEMENTS MARK-EDWARDS INC. a Canadian corporation ("MEA") is, and at all times relevant was, a Canadian Corporation doing business within the jurisdiction of this Court.

8. Defendants DOES 1 through 10 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiff. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the fictitiously named defendants was the agent, servant, and/or employee of his or her co-defendants and, in doing the things herein mentioned, was acting within the scope of his or her authority as such agent, servant, and/or employee, and with the permission and consent of his or her co-defendants, and that each of said fictitiously named defendants is, in some manner, liable or responsible to Plaintiff based upon the facts hereinafter alleged and thereby proximately caused injuries and damages to Plaintiff as more fully alleged herein. Accordingly, Plaintiff sues said defendants by said fictitious names. At such time as said defendants' true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

9. At all relevant times, as alleged more fully herein, each Defendant acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of the other Defendants, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture. Each of the Defendants acts alleged herein was done with the permission and consent of each of the other Defendants.

**FACTUAL BACKGROUND**

10. Plaintiff is in the garment industry and regularly manufactures and sells garments bearing its original designs in connection with its famous "Riot Society" brand. Plaintiff also regularly sells, licenses, or otherwise exploits its artwork to manufacturers, retailers, and other third parties. In light of Plaintiff's extensive use

of its artwork and designs and its use thereof in connection with Plaintiff's well-known "Riot Society" brand, such designs have too become well-known, including among Plaintiff's customers and its established and famed retailers.

11. Plaintiff's original designs include, without limitation, the designs attached hereto as **Exhibit A** (collectively, the "Designs").

12. Plaintiff owns, and had owned prior to the infringing acts complained of herein, copyright and/or trademark rights in each of the Designs. In addition to its common law rights, Plaintiff owns various federal registrations for several of its Designs.

13. For instance, Plaintiff owns United States Patents & Trademark Office ("USPTO") Registration Nos. 6117159 and 6245627 for the following designs internally and collectively titled "Broken Heart Design" which have been used in commerce since at least September 2016:

 

14. True and correct copies of the two USPTO registrations for the Broken Heart Design are attached hereto as **Exhibit B**.

15. The Broken Heart Design is extremely popular and has received widespread fame since its initial release. Since 2018, Plaintiff has sold at least 220,000 units to over 200,000 unique customers, amounting to over $5 million in sales. In addition, ordinary consumers show enthusiasm and brag about being able to obtain Broken Heart Design apparel, often posting pictures of themselves with

such clothing on social media and tagging the Plaintiff with their success.

- The following design internally titled "Pineapple" which has been used in commerce since October 31, 2016 and for which USPTO trademark application number 90354950 has been filed and the USPTO has approved for publication:



- The following design internally titled "Rose" which has been used in commerce since at least November 2, 2016 and for which USPTO trademark application number 90354081 has been filed and the USPTO has approved for publication:



- The following design internally titled "Sunflower" which has been used in commerce since at least December 2, 2018 and for which USPTO trademark application number 90354219 has been filed and the USPTO has approved for publication:

16. Collectively, the Broken Heart Design, Pineapple, Rose, and Sunflower are referred to as the, "Trademark Designs."

17. The Trademark Designs, including the registered and unregistered ones, have long been offered and advertised for sale by Plaintiff on numerous outlets including but not limited to, Plaintiff's website and social media pages as well as those of authorized third-party retailers. As such, there is no doubt that third parties, including Defendants, had access to Plaintiff's Designs.

## **DEFENDANTS' INFRINGING CONDUCT**

18. In or around mid to late 2021, Plaintiff discovered that Defendants were selling garments and other products that bear designs that are identical, confusingly similar, and/or substantially similar to Plaintiff's Designs ("Infringing Products").

19. Defendant MEA sold clothing in the United States through brick-and-motor vendors such as Walmart and rue21.

20. On June 2, 2021, Defendant MEA initiate a petition to cancel the trademarks for the Broken Heart Design. A true and accurate copy of this petition is attached as **Exhibit C**.

21. On June 2, 2021, Defendant MEA initiated a petition to oppose the trademark application for the Sunflower Design. A true and accurate copy of this petition is attached as **Exhibit D**. A portion of which is copied below in a border and states that Defendants sell garments with the alleged infringing mark:

12. Since as early as July 5, 2013, Opposer has provided in interstate and U.S. commerce tops and other clothing items featuring varying versions of a yellow sunflower with a brown center, in bloom, with green stem and leaves, including the following:

  

22. On June 2, 2021, Defendant MEA initiated a petition to oppose the trademark application for the Rose Design. A true and accurate copy of this petition is attached as **Exhibit E**. A portion of which is copied below in a border and states that Defendants sell garments with the alleged infringing mark:

12. Starting as early as July 5, 2013, Opposer has provided in interstate and U.S. commerce tops and other clothing items featuring varying versions of a red rose with a green stem and leaves, including the following:

  

23. On June 2, 2021, Defendant MEA initiated a petition to oppose the trademark application for the Pineapple Design. A true and accurate copy of this petition is attached as **Exhibit F**. A portion of which is copied below in a border and states that Defendants sell garments with the alleged infringing mark:

12. Starting as early as July 5, 2013, Opposer has provided in interstate and U.S. commerce tops and other clothing items featuring varying versions of a yellow pineapple, featuring a black checkered pattern and green leaves, including the following:

 

24. Upon information and belief, Defendants have misappropriated and continue to misappropriate the Trademark Designs, and are selling Infringing Products throughout the United States, including but not limited to within this judicial district.

25. Upon information and belief, Defendants are, without Plaintiff's authorization, unlawfully manufacturing, reproducing, importing, distributing, advertising and/or selling Infringing Products in this judicial district that feature designs that are identical, confusingly similar, and/or substantially similar to, the Designs.

26. Upon information and belief, Defendants' infringing use of the Designs is not limited to the Infringing Products described above, and other products of Defendants may infringe Plaintiff's copyrights and/or trademarks in the Designs.

27. Upon information and belief, Defendants' infringing conduct, and the pattern and practice thereof, was and is willful and malicious.

28. Defendants have infringed upon not one, but at least four different Designs of Plaintiff.

///

///

///

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement - Against All Defendants)**

29. Plaintiff hereby realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

30. Plaintiff has been issued with two USPTO registrations for its Broken Heart Design, as attached hereto.

31. Defendants have made use of Plaintiff's Broken Heart Design, and variations thereof, without Plaintiff's consent, knowledge, or authority. The following is an example of a side-by-side comparison of Plaintiff's use of its Broken Heart Design and Defendants' infringing use thereof:




RIOT SOCIETY Broken Heart Emb Tee               Emb Broken Heart Tee

32. Defendants' unauthorized use of Plaintiff's Broken Heart Design in connection with Defendants' marketing and sales of the Infringing Products constitutes infringement under the Lanham Act of Plaintiff's registered trademark rights, misappropriates the valuable goodwill developed by Plaintiff in the Broken Heart Design, and is likely to cause (and has actually caused) confusion, mistake, and/or deception among the relevant public as to the source of Defendants' goods and services or their affiliation, sponsorship or approval of Defendants' Infringing Products by Plaintiff and/or Plaintiff's business affiliates, advertisers, and retailers

– especially in light of the similarities in location, size, position, and color patterns between Plaintiff's products and Defendants' Infringing Products.

33. In fact, numerous buyers and other members of the public have contacted Plaintiff communicating their actual confusion and belief that Plaintiff had sold products bearing its Broken Heart Design to Defendant MEV.

34. Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to describe and/or represent, in a false or misleading fashion, Defendants' products as those of Plaintiff's.

35. Plaintiff has earlier established, superior rights in its registered Broken Heart Design.

36. Defendants are aware of Plaintiff's use and corresponding rights in its Broken Heart Design. Defendants' aforementioned acts constitute the unauthorized use of Plaintiff's Broken Heart Design, and variations thereof, for identical or confusingly similar goods and services, amounting to willful infringement of Plaintiff's trademark rights.

37. Defendants' acts of willful infringement of Plaintiff's rights in its Broken Heart Design have caused and, unless restrained, will continue to cause great and irreparable injury to Plaintiff, Plaintiff's business, Plaintiff's business relationship with its retailers, and to the goodwill and reputation of Plaintiff, leaving Plaintiff no adequate remedy at law.

38. Defendants' acts are the proximate cause of such injury and damage.

39. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants, and anyone acting in concert with Defendants, to restrain further acts of infringement of Plaintiff's rights and, after trial, to recover any damages proven to have been caused by reason of Defendants' aforesaid acts of infringement and any enhanced damages justified by the willful and intentional nature of such acts.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin – Against all Defendants)**

40. Plaintiff hereby realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

41. Plaintiff has continuously used its Trademark Designs, and the variations thereof, in commerce throughout all of the United States, including this judicial district, in connection with and as a source identifier for Plaintiff's goods and services.

42. Plaintiff's Trademark Designs designate the origin of Plaintiff's products as is recognized by social media posts of users wearing clothing made by the plaintiff but showing no mark other than the distinctive Trademark Design. The recognition by others of the origin of goods establishes rights under the Lanham Act.

43. The Defendants have used the Trademark Designs to pass of their own goods as the goods of the Plaintiff.

44. The false designation is likely to, and in fact has, caused confusion, mistake, or deception in the marketplace for certain garments as to the affiliation, connection, or association of defendant with another person, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by consumers.

45. Defendants' acts are willful and, unless restrained, will continue to cause great and irreparable injury to Plaintiff, Plaintiff's business, Plaintiff's business relationship with its retailers, and to the goodwill and reputation of Plaintiff, leaving Plaintiff no adequate remedy at law.

46. Defendants' acts are the proximate cause of such injury and damage.

47. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants, and anyone acting in concert with Defendants, to restrain further acts of false designation of origin of Plaintiff's rights and, after trial, to recover any damages proven to have been caused by reason of

Defendants' aforesaid acts of infringement and any enhanced damages justified by the willful and intentional nature of such acts.

### THIRD CLAIM FOR RELIEF

### (Trademark Dilution - Against All Defendants)

48. Plaintiff hereby realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

49. Plaintiff's Broken Heart Design and variations thereof are famous and distinctive and have garnered widespread publicity and public recognition in California and nationwide.

50. In particular, Plaintiff's Broken Heart Design and the variations thereof are widely featured in shared social media posts showing their fame, with hundreds of thousands of users purchasing over $5 million in products since 2018.

51. Defendants' use of the Broken Heart Design, and variations thereof, in connection with the manufacture, advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Infringing Products began after the Broken Heart Design became well-known, distinctive, and famous in California and throughout the United States.

52. Defendants' unlawful use of the Broken Heart Design, and variations thereof, dilutes the distinctive quality of the Broken Heart Design and lessens the capacity of the Trademarks to serve as a unique identifier of Plaintiff's products, in violation of 15 U.S.C. § 1125.

53. Upon information and belief, Defendants willfully intended to trade on the reputation and goodwill associated with the Broken Heart Design and to cause its dilution.

54. Defendants' dilution has caused and, unless restrained and enjoined by this Court, will persist and will continue to cause great and irreparable injury to Plaintiff, Plaintiff's business, and to the goodwill and reputation of Plaintiff, leaving Plaintiff no adequate remedy at law.

55. Defendants' acts are the proximate cause of such injury and damage.

56. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants, and anyone acting in concert with Defendants, to restrain further acts of infringement of Plaintiff's rights and, after trial, to recover any damages proven to have been caused by reason of Defendants' aforesaid acts of dilution and any enhanced damages justified by the willful and intentional nature of such acts.

## **FOURTH CLAIM FOR RELIEF**

(California Trademark infringement - Against All Defendants)

57. Plaintiff hereby realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

58. Since at least as early as April 2020, Plaintiff has continuously used its Trademark Designs as shown in Exhibit A, in commerce throughout the State of California, including this judicial district, in connection with and as a source identifier for Plaintiff's goods.

59. Defendants have made use of Plaintiff's Trademark Designs, without Plaintiff's consent, knowledge, or authority.

60. Defendants' unauthorized use of Plaintiff's Trademark Designs in connection with Defendants' marketing and sales of the Infringing Products constitutes infringement of Plaintiff's common law trademark rights, misappropriates the valuable goodwill developed by Plaintiff in the mark, and is likely to cause (and has actually caused) confusion, mistake, and/or deception among the relevant public as to the source of Defendants' goods and services or their affiliation, sponsorship or approval of Defendants' Infringing Products by Plaintiff and/or Plaintiff's business affiliates, advertisers, and retailers.

61. Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to

describe and/or represent, in a false or misleading fashion, Defendants' products as those of Plaintiff's.

62. Plaintiff has earlier established, superior rights in its Trademark Designs.

63. Defendants are aware of Plaintiff's use and corresponding rights in the Trademark Designs. Defendants' aforementioned acts constitute the use of Plaintiff's exact Trademark Designs for identical or substantially similar goods and services, amounting to willful infringement of Plaintiff's trademark rights.

64. Defendants acts of willful infringement of Plaintiff's rights in the Trademark Designs have caused and, unless restrained, will continue to cause great and irreparable injury to Plaintiff, Plaintiff's business, Plaintiff's business relationship with its retailers, and to the goodwill and reputation of Plaintiff, leaving Plaintiff no adequate remedy at law.

65. Defendants' acts are the proximate cause of such injury and damage.

66. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants, and anyone acting in concert with Defendants, to restrain further acts of false designation of origin of Plaintiff's rights and, after trial, to recover any damages proven to have been caused by reason of Defendants' aforesaid acts of infringement and any enhanced damages justified by the willful and intentional nature of such acts.

## FIFTH CAUSE OF ACTION

(Unfair Competition, California Business & Professions Code § 17200 – Against All Defendants)

67. Plaintiff hereby realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

68. Defendants' conduct, as alleged herein, is unlawful and Defendants engaged in such conduct without privilege, justification or excuse.

69. Defendants' numerous instances of misconduct, except for the copyright infringement alleged above, constitutes an "unlawful, unfair or fraudulent business act or practice" in violation of California Business & Professions Code § 17200 et seq.

70. Defendants' conduct has directly and proximately caused and will continue to cause Plaintiff substantial and irreparable injury, including customer confusion, injury to its reputation, and diminution in value of its intellectual property, and unless restrained, will continue to seriously and irreparably impair further the value of Plaintiffs Designs, for which there is no adequate remedy at law.

71. In light of the foregoing, Plaintiff is entitled to an injunction under Cal. Bus. & Prof. Code §§ 17200 et seq. restraining Defendants from further engaging in such unlawful conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands the following relief against Defendants, jointly and severally, with respect to each claim for relief:

a. That Defendants and their respective owners, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, be preliminarily and then permanently restrained and enjoined from:

    1. Manufacturing, advertising, promoting, displaying, shipping, offering for sale, selling, or distributing Infringing Products;

    2. Manufacturing, advertising, promoting, displaying, shipping, offering for sale, selling, or distributing any other clothing or other products bearing Plaintiff's Designs, or any other copy, reproduction, or colorable imitation thereof, or any other mark or design that is confusingly similar or substantially similar thereto; and

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, arising from the infringement of Plaintiff's Trademark Designs;

1        c.      Compensatory, punitive, exemplary, consequential, incidental, and/or special damages, in an amount to be determined at trial;

       e.      Pre-judgment and post-judgment interest;

       f.      Costs of suit incurred herein, including attorney's fees and expenses to the extent provided for by the law; and

       h.      Such other relief as the Court may deem appropriate.

Dated: September 15, 2021        **NOVIAN & NOVIAN, LLP**

                                     By:    /s/ Farhad Novian
                                                 FARHAD NOVIAN
                                                 SHARON RAMINFARD
                                                 MICHAEL O'BRIEN

                                                 Attorneys for Plaintiff
                                                 L.A. T-SHIRT & PRINT, INC.